Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
Meghan E. George (SBN 274525)
Thomas E. Wheeler (SBN 308789)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St. Suite 780,
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
mgeorge@toddflaw.com
twheeler@toddflaw.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENT MAGGARD, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> FITNESS 19 LLC; and DOES 1-10, inclusive and each of them, <br><br> Defendant(s). | Case No. <br><br> **CLASS ACTION** <br><br> **COMPLAINT FOR VIOLATIONS OF:** <br><br> 1. VIOLATIONS OF ELECTRONIC FUNDS TRANSFER ACT [15 U.S.C. §1693 ET SEQ.] <br> 2. VIOLATIONS OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200, ET. SEQ <br> 3. VIOLATIONS OF THE CONSUMER LEGAL REMEDIES ACT, CAL. CIV. C. § 1750, ET. SEQ. <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff BRENT MAGGARD ("Plaintiff"), on behalf of himself and all others similarly situated, alleges the following against Defendant FITNESS 19 LLC upon information and belief based upon personal knowledge:

## INTRODUCTION

1.    Plaintiff's Class Action Complaint is brought pursuant to the Electronic Funds Transfer Act, 15 U.S.C. 1693 et seq. ("EFTA"), California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, et seq. ("UCL"), and California's Consumer Legal Remedies Act, Cal. Civ. C. § 1750 et. seq. ("CLRA").

2.    Plaintiff, individually, and on behalf of all others similarly situated, brings this Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendants debiting Plaintiff's and also the putative Class members' bank accounts on a recurring basis without obtaining a written authorization signed or similarly authenticated for preauthorized electronic fund transfers from Plaintiff's and also the putative Class members' accounts, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b).  Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

3.    Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

///

///

///

///

## JURISDICTION AND VENUE

4.     This Court has jurisdiction under 28 U.S.C. 1331, because this action is brought pursuant to the EFTA, 15 U.S.C. 1693 *et seq*.

5.     Jurisdiction of this Court arises pursuant to 15 U.S.C. 1693(m), which states that, "without regard to the amount in controversy, any action under this section may be brought in any United States district court."

6.     Venue and personal jurisdiction in this District are proper pursuant to 28 U.S.C. 1391(b) because Plaintiff resides within this District and Defendant does or transact business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

7.     Plaintiff, Brent Maggard ("Plaintiff"), is a natural person residing in Los Angeles County in the state of California, and is a "consumer" as defined by 15 U.S.C. §1693a(6) and a "person" as defined by Cal. Bus. & Prof. Code § 17201.

8.     At all relevant times herein, Defendant FITNESS 19 LLC, is a California LLC with its headquarters in California and a provider of gym services and memberships to gym facilities.  Defendant FITNESS 19 LLC is the owner of the gym Plaintiff was a member of.

9.     The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants."  The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names.  Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein.  Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

10.     Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## FACTUAL ALLEGATIONS - EFTA

11.     On or about 2014, Plaintiff was a member of a Fitness 19 Gym owned by Defendant at 19162 Florida St., Unit A, Huntington Beach, CA 92648.  In 2014, Plaintiff canceled, and Defendant accepted cancellation of, Plaintiff's membership.

12.     On or about early 2016, Plaintiff signed up for a membership with the Fitness 19 Gym in Huntington Beach and entered into an auto-debit plan.

13.     Unbeknownst to Plaintiff, however, Defendant both opened a new account for Plaintiff and reactivated his old account and began billing him monthly for both plans.

14.     Plaintiff discovered that Defendant was illegally automatically debiting Plaintiff for $15 and $24 per month separately in May 2017.

15.     Plaintiff went to Defendant's Gym and spoke with a representative to ask why two accounts had been opened for him instead of just one, but Defendant's representative was condescending to Plaintiff and indicated that it was correct that Plaintiff should have two separate accounts with Defendant.

16.     Plaintiff requested Defendant cancel all his membership and revoked consent for auto-billing, but Defendant again charged automatically Plaintiff both $15 and $24.

17.     Plaintiff has reviewed online reviews of Defendant's Gym and found

that other consumers have also had two accounts opened by Defendant without permission and been multiply charged by Defendant.

18.    Defendant did not obtain authorization to deduct funds twice monthly from Plaintiff's account on a regular basis.

19.    Plaintiff never provided Defendant with any authorization to deduct these double sums of money on a regular recurring basis from Plaintiff's banking account.

20.    Defendants continued to deduct this monthly sum from Plaintiff for several months without Plaintiff's authorization.

21.    Further, Defendants did not provide to Plaintiff, nor did Plaintiff execute, any written or electronic writing memorializing or authorizing one set of these recurring or automatic payments.

22.    Plaintiff alleges such activity to be in violation of the Electronic Funds Transfer Act, 15 U.S.C. 1693 et seq. ("EFTA"), and its surrounding regulations, including, but not limited to, 12 C.F.R. §§1005.7, 1005.8, and 1005.9.

23.    Further, after Plaintiff had explicitly revoked his consent to be charged by Defendant for the one set of transactions he had authorized, Defendant again charged Plaintiff one more time prior to stopping.

24.    Defendant failed to disclose the correct terms of its membership and that it would sign-up Plaintiff and similarly situated consumers for two separate membership and then charge them twice monthly pursuant to those memberships.

25.    In total, Plaintiff paid in excess of $200 more than he agreed to because of Defendant's billing practices.

26.    Such sales tactics employed on Defendant rely on falsies and have a tendency to mislead and deceive a reasonable consumer.

27.    Plaintiff is informed, believes, and thereupon alleges that such representations were part of a common scheme to mislead consumers and

incentivize them to purchase Memberships from Defendant under the false belief that they would not be double charged for the Memberships.

28.    Plaintiff    reasonably    believed    and    relied    upon    Defendant's representations.

29.    Plaintiff materially changed his position by purchasing a Membership from Defendant, and then being charged an additional $24 per month for a second Membership he had not agreed to enter into.

30.    Plaintiff would not have purchased the Membership from Defendant if he knew that the above-referenced statements made by Defendant were false.

31.    Had Defendant properly represented that it would sign-up consumers for two separate Memberships and charge them for two separate Memberships, Plaintiff would not have purchased the Membership from Defendant.

32.    Defendant benefited from falsely advertising and representing its Memberships.   Defendant significantly benefited on the loss to Plaintiff and provided nothing of benefit to Plaintiff in exchange, as the second Membership was completely ancillary.

## CLASS ACTION ALLEGATIONS

33.    Plaintiff brings this action on behalf of himself and all others similarly situated, as a member of two proposed classes (jointly "The Classes").  The first Class (hereafter "The EFTA Class") defined as follows:

>All persons in the United States whose bank accounts were debited on a reoccurring basis by Defendant without obtaining a written authorization signed or similarly authenticated for preauthorized electronic fund transfers within the one year prior to the filing of this Complaint.

34.    The second Class (hereafter "the UCL Class") is defined as follows:
>All California consumers who purchased a Membership from Defendant within four years prior to the date of

filing of the Complaint.

35.    Plaintiff represents, and is a member of The EFTA Class, consisting of all persons within the United States whose bank account was debited on a recurring basis by Defendant without Defendant obtaining a written authorization signed or similarly authenticated for preauthorized electronic fund transfers within the one year prior to the filing of this Complaint.

36.    Plaintiff represents, and is a member of The UCL Class, consisting of all California consumers who purchased a Membership from Defendant within the four years prior to the filing of this Complaint.

37.    Defendant, its employees and agents are excluded from The Classes. Plaintiff does not know the number of members in The Classes, but believe the Classes members number in the thousands, if not more.  Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

38.    The Classes are so numerous that the individual joinder of all of their members is impractical.  While the exact number and identities of The Classes members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that The Classes includes thousands of members.  Plaintiff alleges that The Classes members may be ascertained by the records maintained by Defendant.

39.    This suit is properly maintainable as a class action pursuant to Fed. R. Civ. P. 23(a) because the Classes are so numerous that joinder of the Classes members is impractical and the disposition of their claims in the class action will provide substantial benefits both to the parties and to the Court.

40.    There are questions of law and fact common to the EFTA Class affecting the parties to be represented.  The questions of law and fact to the EFTA Class predominate over questions which may affect individual EFTA Class

members and include, but are not necessarily limited to, the following:

    a. The members of the Class were not provided with, nor did they execute, written agreements memorializing the increased rate automatic or recurring electronic payments.

    b. Defendant did not request, nor did it provide, Class members with written agreements memorializing the automatic or recurring electronic payments.

    c. The members of the Class did not provide either a written ("wet") or otherwise electronic signature authorizing the automatic or recurring electronic payments.

    d. Despite not providing written or electronic authorization for payments to be drawn from their accounts, Defendant took unauthorized payments from Class members' accounts.

    41. There are questions of law and fact common to the UCL Class affecting the parties to be represented. The questions of law and fact to the UCL Class predominate over questions which may affect individual UCL Class members and include, but are not necessarily limited to, the following:

    (a) Whether Defendant engaged in unlawful, unfair, or deceptive business practices in failing to disclose that it would sign up Plaintiff and other Class Members for two Memberships when it represented it would only sign them up for one;

    (b) Whether Defendant profited from this misrepresentation;

    (c) Whether Defendant violated California Bus. & Prof. Code § 17200, et seq. and California Civ. Code § 1750, et seq.;

    (d) Whether Plaintiff and Class Members are entitled to equitable and/or injunctive relief;

    (e) Whether Defendant's unlawful, unfair, and/or deceptive

practices harmed Plaintiff and Class Members; and

(f)   The method of calculation and extent of damages for Plaintiff and Class Members.

42.   As someone whose bank account was debited on a reoccurring basis by Defendant without Defendant obtaining a written authorization signed or similarly authenticated for preauthorized electronic fund transfers and had two Memberships opened, Plaintiff is asserting claims that are typical of The Classes.

43.   Plaintiff will fairly and adequately protect the interests of the members of The Classes. Plaintiff has retained attorneys experienced in the prosecution of class actions.

44.   A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Classes members is impracticable.  Even if every Classes member could afford individual litigation, the court system could not.  It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed.  Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues.  By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

45.   The prosecution of separate actions by individual Classes members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Classes members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Classes members to protect their interests.

46.     Defendant has acted or refused to act in respects generally applicable to The Classes, thereby making appropriate final and injunctive relief with regard to the members of the Class as a whole.

## COUNT I:
## VIOLATION OF ELECTRONIC FUNDS TRANSFER ACT
## ON BEHALF OF THE EFTA CLASS

47.     Plaintiff reincorporates by reference all of the preceding paragraphs.

48.     Section 907(a) of the EFTA, 15 U.S.C. §1693e(a), provides that a "preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing, and a copy of such authorization shall be provided to the consumer when made."

49.     Section 903(9) of the EFTA, 15 U.S.C. § 1693a(9), provides that the term "preauthorized electronic fund transfer" means "an electronic fund transfer authorized in advance to recur at substantially regular intervals."

50.     Section 205.l0(b) of Regulation E, 12 C.F.R. § 205.l0(b), provides that "[p ]reauthorized electronic fund transfers from a consumer's account may be authorized only by a writing signed or similarly authenticated by the consumer. The person that obtains the authorization shall provide a copy to the consumer."

51.     Section 205.10(b) of the Federal Reserve Board's Official Staff Commentary to Regulation E, 12 C.F.R. § 205.l0(b), Supp. I, provides that "[t]he authorization process should evidence the consumer's identity and assent to the authorization." *Id.* at ¶10(b), comment 5.  The Official Staff Commentary further provides that "[a]n authorization is valid if it is readily identifiable as such and the terms of the preauthorized transfer are clear and readily understandable." *Id.* at ¶10(b), comment 6.

52.     In multiple instances, Defendant has debited Plaintiff's and also the

putative Class members' bank accounts on a recurring basis without obtaining a written authorization signed or similarly authenticated for preauthorized electronic fund transfers from Plaintiff's and also the putative Class members' accounts, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b).

53.    In multiple instances, Defendants have debited Plaintiff's and also the putative Class members' bank accounts on a recurring basis without providing a copy of a written authorization signed or similarly authenticated by Plaintiff or the putative Class members for preauthorized electronic fund transfers, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b).

## SECOND CAUSE OF ACTION

### Violation of Unfair Business Practices Act

### (Cal. Bus. & Prof. Code §§ 17200 *et seq*.)

### ON BEHALF OF PLAINTIFF AND THE UCL CLASS

54.    Plaintiff incorporates by reference each allegation set forth above.

55.    Actions for relief under the unfair competition law may be based on any business act or practice that is within the broad definition of the UCL. Such violations of the UCL occur as a result of unlawful, unfair or fraudulent business acts and practices. A plaintiff is required to provide evidence of a causal connection between a defendant's business practices and the alleged harm--that is, evidence that the defendant's conduct caused or was likely to cause substantial injury. It is insufficient for a plaintiff to show merely that the defendant's conduct created a risk of harm. Furthermore, the "act or practice" aspect of the statutory definition of unfair competition covers any single act of misconduct, as well as ongoing misconduct.

### UNFAIR

56.     California Business & Professions Code § 17200 prohibits any "unfair ... business act or practice." Defendant's acts, omissions, misrepresentations, and practices as alleged herein also constitute "unfair" business acts and practices within the meaning of the UCL in that its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct.  There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein.  Plaintiff reserves the right to allege further conduct which constitutes other unfair business acts or practices.  Such conduct is ongoing and continues to this date.

57.     In order to satisfy the "unfair" prong of the UCL, a consumer must show that the injury: (1) is substantial; (2) is not outweighed by any countervailing benefits to consumers or competition; and, (3) is not one that consumers themselves could reasonably have avoided.

58.     Here, Defendant's conduct has caused and continues to cause substantial injury to Plaintiff and members of the UCL Class.  Plaintiff and members of the UCL Class have suffered injury in fact by purchasing Memberships and being signed up for a second duplicative Membership and then being charged double despite representations made due to Defendant's decision to mislead consumers.  Thus, Defendant's conduct has caused substantial injury to Plaintiff and the members of the Class.

59.     Moreover, Defendant's conduct as alleged herein solely benefits Defendant while providing no benefit of any kind to any consumer.  Such deception utilized by Defendant convinced Plaintiff and members of the UCL Class that they would only be signed up and charged for one Membership, in order to induce them to purchase Memberships from Defendant.  In fact, Defendant

knew that it had no intention of signing them up for only one Membership and thus unfairly profited.  Thus, the injury suffered by Plaintiff and the members of the UCL Class are not outweighed by any countervailing benefits to consumers.

60.    Finally, the injury suffered by Plaintiff and members of the UCL Class is not an injury that these consumers could reasonably have avoided.  After Defendant falsely represented the nature of its Memberships, consumers materially changed their position by entering into agreements to purchase Memberships from Defendant.  After doing so, Defendant then automatically began double charging consumers for two Memberships, thus causing them to suffer injury in fact.  Defendant failed to take reasonable steps to inform Plaintiff and UCL Class Members that the representations were false.  As such, Defendant took advantage of Defendant's position of perceived power in order to deceive Plaintiff and the UCL Class.  Therefore, the injury suffered by Plaintiff and members of the UCL Class is not an injury which these consumers could reasonably have avoided.

61.    Thus, Defendant's conduct has violated the "unfair" prong of California Business & Professions Code § 17200.

## FRAUDULENT

62.    California Business & Professions Code § 17200 prohibits any "fraudulent ... business act or practice."  In order to prevail under the "fraudulent" prong of the UCL, a consumer must allege that the fraudulent business practice was likely to deceive members of the public.

63.    The test for "fraud" as contemplated by California Business and Professions Code § 17200 is whether the public is likely to be deceived.  Unlike common law fraud, a § 17200 violation can be established even if no one was actually deceived, relied upon the fraudulent practice, or sustained any damage.

64.    Here, not only were Plaintiff and the UCL Class members likely to

be deceived, but these consumers were actually deceived by Defendant. Such deception is evidenced by the fact that Plaintiff was charged double for his Membership contrary to Defendant's representations. Plaintiff's reliance upon Defendant's deceptive statements is reasonable due to the unequal bargaining powers of Defendant against Plaintiff. For the same reason, it is likely that Defendant's fraudulent business practice would deceive other members of the public.

65. As explained above, Defendant deceived Plaintiffs and other Classes Members by misrepresenting its return policy and guarantees.

66. Thus, Defendant's conduct has violated the "fraudulent" prong of California Business & Professions Code § 17200.

<b>UNLAWFUL</b>

67. California Business and Professions Code Section 17200, et seq. prohibits "any unlawful…business act or practice."

68. As explained above, Defendant deceived Plaintiffs and other Class Members by falsely representing its guarantees and return policy for the Class Products.

69. Defendant's representations and billing practices violated EFTA and the CLRA.

70. These representations by Defendant are therefore an "unlawful" business practice or act under Business and Professions Code Section 17200 *et seq*.

71. Defendant has thus engaged in unlawful, unfair, and fraudulent business acts entitling Plaintiff and UCL Class Members to judgment and equitable relief against Defendant, as set forth in the Prayer for Relief. Additionally, pursuant to Business and Professions Code section 17203, Plaintiff and Classes Members seek an order requiring Defendant to immediately cease

such acts of unlawful, unfair, and fraudulent business practices and requiring Defendant to correct its actions.

**THIRD CAUSE OF ACTION**

**Violation of Consumer Legal Remedies Act**

**(Cal. Civ. Code § 1750 *et seq*.)**

72.     Plaintiff incorporates by reference each allegation set forth above herein.

73.     Defendant's actions as detailed above constitute a violation of the Consumer Legal Remedies Act, Cal. Civ. Code §1770 to the extent that Defendant violated the following provisions of the CLRA:

   a. Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have. Cal. Civ. Code § 1770(5);

   b. Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another.  Cal. Civ. Code § 1770(7);

   c. Advertising goods or services with intent not to sell them as advertised; *Cal. Civ. Code* §1770(9); and

   d. Representing that a transaction confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law; *Cal. Civ. Code* §1770(14).

74.     On or about February 13, 2018, through his Counsel of record, using certified mail with a return receipt requested, Plaintiff served Defendant with notice of its violations of the CLRA, and asked that Defendant correct, repair, replace or otherwise rectify the goods and services alleged to be in violation of the CLRA; this correspondence advised Defendant that they must take such action within thirty (30) calendar days, and pointed Defendant to the provisions of the

CLRA that Plaintiffs believe to have been violated by Defendant. A true and correct copy of Plaintiff's CLRA notice letter is attached hereto as Exhibit A. Defendant has not replied to this correspondence, and have thereby refused to timely correct, repair, replace or otherwise rectify the issues raised therein.

## **TRIAL BY JURY**

75.     Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, BRENT MAGGARD, individually, and on behalf of all others similarly situated, respectfully requests judgment be entered against Defendant, for the following:

a. That this action be certified as a class action on behalf of The Classes and Plaintiff be appointed as the representative of The Classes;

b. Statutory damages of $1,000.00, per Class Member, pursuant to the Electronic Fund Transfer Act, §916(a)(2)(A);

c. Actual damages;

d. Restitution of the funds improperly obtained by Defendant;

e. Any and all statutory enhanced damages;

f. All reasonable and necessary attorneys' fees and costs provided by statute, common law or the Court's inherent power;

g. For equitable and injunctive and pursuant to California Business and Professions Code § 17203;

h. For prejudgment interest at the legal rate; and

///
///
///

1    i.   Any other relief this Honorable Court deems appropriate.

2

3    Respectfully submitted this 15th Day of February, 2018.

4

5                    LAW OFFICES OF TODD M. FRIEDMAN, P.C.

6

7           By:     /s/ Todd M. Friedman
                    Todd M. Friedman
8                   Law Offices of Todd M. Friedman
                    Attorney for Plaintiff
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A

# LAW OFFICES OF TODD M. FRIEDMAN, P.C.
### ATTORNEYS FOR CONSUMERS
**324 S. BEVERLY DR., #725**
**BEVERLY HILLS, CA 90212**
877-206-4741 TOLL FREE
866-633-0228 FACSIMILE
CALIFORNIA OFFICE
www.AttorneysForConsumers.com

E-MAIL: TFriedman@AttorneysForConsumers.com

WRITER LICENSED IN:
CALIFORNIA
PENNSYLVANIA
ILLINOIS

**February 13, 2018**

**Via U.S. Certified Mail to:**
**FITNESS 19 LLC**
**32605 Temecula Parkway, Ste. 308**
**Temecula, CA 92592**

**Notice of Violations of CLRA Pursuant to Cal. Civ. Code §§1782(a)(2)**

**Re:** *Brent Maggard v. Fitness 19, LLC.*

To Whom It May Concern:

Please be advised that our office represents Brent Maggard ("Plaintiff") in pursuing legal claims against Fitness 19, LLC ("Defendant") for violations of the Consumer Legal Remedies Act ("CLRA") and California Business and Professions Code §17200 ("UCL").

Having been formally notified of our representation, we respectfully demand you not contact our client for any reason. Instead, please direct all future contact and correspondence to this office. We reserve the right to seek injunctive relief against you should you fail to honor these directives.

The purpose of this letter is to advise your company of its violations and to quickly resolve the matter of my client's right to compensation for the same, without resorting to expensive and unnecessary litigation. Before additional damages accrue, including needless attorney fees, we should work together expeditiously to correct the inequity that occurred in connection with your company's handling of the matters detailed below. Thus, please accept this correspondence as notice pursuant to the CLRA, of Defendant's violations thereof. Be advised, you have thirty (30) calendar days from the date of receipt of this notice, to correct, repair, replace, or otherwise rectify the goods or services alleged to be in violation of § 1770 of the CLRA, as further outlined below.

Please review the violations set forth below and contact our offices immediately, to discuss settlement.

1

**Facts**

On or around 2014, Brent Maggard canceled his account with a Fitness 19 Gym located at 19162 Florida St., Unit A, Huntington Beach, CA 92648.  In 2016, Plaintiff signed up again with the same gym, however Defendant opened two accounts, instead of just one, for Plaintiff and began double-billing him automatically. Plaintiff discovered in May 2017 that Defendant had double billed Plaintiff for $14 and $25 per month repeatedly, instead of only once per month for only one account. When Plaintiff went to Defendant and asked them to fix it, Defendant indicated that Plaintiff had opened two accounts and that it would do nothing to remedy it. Plaintiff canceled his accounts with Defendant, and Defendant then charged Plaintiff for one additional month on both accounts as well. Mr. Maggard felt deceived, ripped off, and cheated by Defendant's actions.

**CLRA (*Cal. Civ. Code* §17500 et seq.) Violations**

Among other things, the CLRA prohibits the following "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction to result or which results in the sale or lease of goods or services" to a consumer:

1.    Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have. Cal. Civ. Code § 1770(5);

2.    Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another.  Cal. Civ. Code § 1770(7);

3.    Advertising goods or services with intent not to sell them as advertised; Cal. Civ. Code §1770(9);

4.    Representing that a transaction confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law; Cal. Civ. Code §1770(14); and

5.    Representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not; Cal. Civ. Code §1770(16);

Further, under the CLRA, a consumer may recover actual damages, an order enjoining any such practices that are prohibited by the CLRA, restitution of property, punitive damages and reasonably attorney's fees and costs. *Cal. Civ. Code* §1788 (a) and (d).

By engaging in the conduct detailed above and signing up and charging Plaintiff for two separate memberships with Defendant when he only agreed to one, Defendant violated subsections (5), (7), (9), (14), and (16) of the CLRA, thereby entitling Mr. Maggard to the recovery of actual damages, punitive damages, attorney's fees and costs.

**Unfair Competition Law (*Cal. Bus. Prof. Code* §17200)**

The Unfair Competition Law, Cal. Bus. Prof. C. §17200 prohibits unlawful, unfair or fraudulent business acts or practices, and subjects anyone engaging in such conduct to a civil penalty of $2,500 for each violation thereof. *Cal. Bus. Prof. Code* §17200 and §17206. Further, any person may bring an action to enjoy or restrain any violation of this act and recover actual damages resulting from such violations. *Cal. Bus. Prof. Code* §4381(b)-(c).

Defendant engaged in fraudulent, unfair and unlawful business practices through its conduct and violated the UCL. Defendant made representations to Plaintiff that it would open only one gym membership account for him when in fact it opened two, and this amounts to fraudulent and unfair business practices. Further, as noted above, Defendant violated the CLRA, thus engaging in unlawful business practices. Defendant's conduct, as detailed above, violates numerous provisions of the CLRA; consequently, said conduct constitutes unlawful business practices. Defendant's conduct entitles Plaintiff to statutory penalties of $2500 per violation, as well as actual damages, and attorney's fees and costs.

**Demand**

Please contact our offices within twenty (21) days of your receipt of this correspondence, to discuss settlement. Also, please be aware of the CLRA notice provided herein.

Best regards,

Todd M. Friedman
Attorney at Law

3